JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9853 PA (PJWx) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Consumer Acceptance Corp. v. Ebrahim Taghvay, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     The Court is in receipt of a Notice of Removal filed by Ebrahim Taghvay ("Defendant") on December 21, 2010.  (Docket No. 1.)  Plaintiff Consumer Acceptance Corporation's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action under state law for unlawful detainer.  Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Defendant also asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1441, which lists what actions are removable but does not create a basis for subject matter jurisdiction.

     Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

     Under 28 U.S.C. § 1332 jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Neither the Complaint nor the Notice of Removal contain any allegations as to Plaintiff's or Defendant's citizenship.[1]  The Complaint alleges that the amount demanded does not exceed $10,000.00, and the Notice of Removal does not allege that the

---

[1] The Notice of Removal also fails to contain any allegations as to the citizenship of defendants Najila Estalkhon, Christian Grandberry, Terry Johnson, and Antonio Grandberry, who have not joined in the Notice of Removal.  The Notice of Removal is therefore also deficient for failure to join all defendants in removal.  See 28 U.S.C. § 1446(a); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9853 PA (PJWx) | Date | December 28, 2010 |
|---|---|---|---|
| Title | Consumer Acceptance Corp. v. Ebrahim Taghvay, et al. | | |

amount in controversy is more than $10,000.00. Thus Defendant fails to establish that this court has diversity jurisdiction over this action.

Jurisdiction may also be based on a federal question. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Further, Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Defendant has thus failed to show that federal question jurisdiction exists over this action.

For the foregoing reasons, Defendant has failed to meet his burden of showing that subject matter jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 10B05338. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.